# UNITED STATED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FAALON ANDREWS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>      Defendant. | Case No. 1:24-cv-03938-TWT |
| MARINA BICHOFFE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>      Defendant. | Case No. 1:24-cv-03940-TWT |
| MICHAEL XAVIER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>      Defendant. | Case No. 1:24-cv-03961-TWT |
| JON HENSON and LAUREN HENSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v. | Case No. 1:24-cv-03981-TWT |

| | |
|---|---|
| YOUNG CONSULTING, LLC,<br><br>   Defendant. | |
| JAMES KELLY, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>   Defendant. | Case No. 1:24-cv-04014-TWT |
| GIULIO MECOCCI,<br><br>   Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>   Defendant. | Case No. 1:24-cv-04045-TWT |
| MARK SWEITZER, on behalf of himself and on behalf of all others similarly situated individuals,<br><br>   Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>   Defendant. | Case No. 1:24-cv-04053-TWT |
| ANN WASSERMAN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC, and CALIFORNIA PHYSICIANS' | Case No. 1:24-cv-04119-TWT |

2

| | |
|---|---|
| SERVICE d/b/a BLUE SHIELD OF CALIFORNIA,<br><br>        Defendants. | |
| JAMIE TURNER, on behalf of herself all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>        Defendant. | Case No. 1:24-cv-04267-TWT |
| DAMIAN UNDERWOOD, as a parent and legal guardian of his minor child S.R. on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>        Defendant. | Case No. 1:24-cv-04319-TWT |
| DAMIEN POTTINGER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>YOUNG CONSULTING, LLC,<br><br>        Defendant. | Case No. 1:24-cv-04318-TWT |

# PLAINTIFFS' JOINT MOTION TO CONSOLIDATE ACTIONS AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Faalon Andrews, Marina Bichoffe, Michael Xavier, Jon Henson, Lauren Henson, James Kelly, Guilio Mecocci, Mark Sweitzer, Ann Wasserman, Jamie Turner, Damian Underwood, and Damien Pottinger (collectively, "Plaintiffs"), on behalf of a proposed class, move jointly to consolidate, for all purposes, the above captioned actions against Young Consulting, LLC ("Young Consulting" or "Defendant")[1] Plaintiffs agree that consolidation is appropriate because these actions generally concern the same allegations and concern common questions of law and fact. Plaintiffs therefore ask the Court to consolidate all actions under the first filed action, *Andrews v. Young Consulting, LLC*, Case No. 1:24-cv-03938-TWT and caption the consolidated action as *In Re: Young Consulting Data Breach Litigation,* Case No. 1:24-cv-03938-TWT. In support thereof, Plaintiffs assert the following:

1.   On September 3, 2024, Plaintiff Faalon Andrews filed a class action complaint against Young Consulting. *See Andrews v. Young Consulting, LLC*, Case No. 1:24-cv-03938-TWT. Ten class action complaints were subsequently filed against Young Consulting in the Northern District of Georgia by Marina Bichoffe,

---

[1] One plaintiff, Ann Wasserman, also named California Physicians' Service d/b/a/ Blue Shield of California, as a defendant. *See* Case No. 1:24-cv-04119. California Physicians' Service has not yet appeared in the Wasserman action. Plaintiffs will serve this motion on California Physicians' Service pursuant to Fed. R. Civ. P. 4.

4

Michael Xavier, Jon Henson and Laurne Henson, James Kelly, Guilio Mecocci, Mark Sweitzer, Ann Wasserman, Jamie Turner, Damian Underwood, and Damien Pottinger respectively. *See* Case Nos. 1:24-cv-03940-TWT; 1:24-cv-03961-TWT; 1:24-cv-03981-TWT; 1:24-cv-04014-TWT; 1:24-cv-04045-TWT; 1:24-cv-04053-TWT; 1:24-cv-04119-TWT; 1:24-cv-04267-TWT; 1:24-cv-04319-TWT; and 1:24-cv-04318-TWT. All eleven actions (collectively, the "Actions") have been assigned to the Honorable Thomas W. Thrash, Jr. The Actions seek relief from injuries allegedly suffered by Plaintiffs and class members as a result of Young Consulting's failure to secure the personal identifiable information ("PII") and protected health information ("PHI") of Plaintiffs and class members in a cyberattack on its system that occurred between April 10, 2024 and April 13, 2024 (the "Data Breach").

    2.    Federal Rule of Civil Procedure 42(a) states in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). This Rule "codifies a district court's inherent managerial power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Halo Wireless, Inc. v. TD Telecomm. Corp.,* Civil Action Nos. 2:11-cv-158-RWS, 1:11-cv-2749-RWS, 2012 WL 246393, at *2 (N.D. Ga. Jan. 26, 2012) (*quoting Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)).

3.      A court's decision whether to consolidate actions "under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985). "When deciding if separate lawsuits should be consolidated into a single action, a trial court weights several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved I conducting a single trial or multiple trials." *Blitz Telecom Consulting LLC v. Peerless Network, Inc.,* 727 F. App'x 562, 570 (11th Cir. 2018)(citing *Hendrix,* 776 F.2d at 1495). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017)(quoting *Young v. City of Augusta,* 59 F.3d 1160, 1169 (11th Cir. 1995)).

4.      A review of the complaints filed by Plaintiffs in the Actions demonstrates that consolidation is warranted. The questions raised in the complaints are the extent to which, and whether, Young Consulting is liable to Plaintiffs and proposed class members as a result of Young Consulting's Data Breach. Each Action seeks the same or similar damages and relief and asserts largely similar counts on behalf of the plaintiffs including, *inter alia*, negligence, negligence per se, breach of third party beneficiary, breach of implied contract, unjust enrichment, among others.

All of the Actions are in their infancy, and no responsive pleadings or motions have been filed in any of the Actions.

5. Consolidation is accordingly appropriate under the factors identified by the Eleventh Circuit to be used in determining if separate actions should be consolidated under Fed. R. Civ. P. 42(a). *See Blitz Telecom Consulting, LLC,* 727 F. App'x at 570.

6. Given the similar nature of the causes of action, consolidation will ease the burdens placed on the Parties and witness, and also ease potential burdens placed on this Court. All Parties will be better served if the Actions are consolidated, as there be less time and expense involved than if there are multiple class action proceedings at the same time.

7. No responsive pleading has been filed yet in any of the Actions, so consolidation would further streamline that process.

8. Consolidating these Actions will promote the interest of judicial economy, avoid unnecessary filings and the duplicative efforts of eleven separate cases, and serve the objectives of Fed. R. Civ. P. 42(a).

9. Furthermore, Plaintiffs believe that any similar lawsuit filed against Young Consulting on behalf of individuals allegedly impacted by the Data Breach underlying the Actions that is filed in this District on or after the filing of this Motion to Consolidate should also be consolidated with the Actions.

10. Counsel for Plaintiffs have conferred with counsel for Defendant, and Defendant does not oppose the consolidation requested in this motion.[2]

11. Plaintiffs to all eleven Actions have met and conferred and are in agreement with the relief sought herein. Plaintiffs respectfully submit that the relief sought by this Motion will streamline the litigation and allow the Class to have a unified voice in this litigation.

12. Accordingly, Plaintiffs jointly move this Court to consolidate *Bichoffe v. Young Consulting, LLC*, 1:24-cv-03940-TWT; *Xavier v. Young Consulting, LLC*, 1:24-cv-03961-TWT; *Henson and Henson v. Young Consulting, LLC*, 1:24-cv-03981-TWT; *Kelly v. Young Consulting, LLC*, 1:24-c-04014-TWT; *Mecocci v. Young Consulting, LLC*, 1:24-cv-04045-TWT; *Sweitzer v. Young Consulting*, LLC, 1:24-cv-04053-TWT; *Wasserman v. Young Consulting, LLC and California Physicians' Service d/b/a Blue Shield of California*, 1:24-cv-04119-TWT; *Turner v. Young Consulting, LLC,* 1:24-cv-04267-TWT; *Underwood v. Young Consulting, LLC,* 1:24-cv-04319-TWT; and *Pottinger v. Young Consulting, LLC,* 1:24-cv-04318-TWT, under the first filed action in the Northern District of Georgia, *Andrews v. Young Consulting, LLC*, 1:24-cv-03938-TWT, and caption the consolidated action as *In Re: Young Consulting Data Breach Litigation,* Case No. 1:24-cv-03938-TWT.

---

[2] Counsel for California Physicians' Service has not appeared in the *Wasserman* action as of the date of this filing.

13. Within fourteen (14) days of any order granting this Motion to Consolidate, Counsel for Plaintiffs in the Actions will move for appointment of interim class counsel by this Court, pursuant to Fed. R. Civ. P. 23(g). Plaintiffs will file a consolidated complaint within thirty (30) days from the Court's order appointing interim class counsel.

14. Further, Plaintiffs and Defendant Young Consulting agree that pending the Court's resolution of this Motion, Defendants should have no obligation to answer or otherwise respond to the individual complaints filed in the Actions, and that all of Defendants' response deadlines should be stayed.

15. Should the Court grant this Motion and order consolidation of the Actions, Plaintiffs and Defendants will confer and submit a proposal for further case proceedings, including but not limited to Defendant's deadline to answer or otherwise respond to the contemplated consolidated complaint.

Dated: September 26, 2024                Respectfully submitted,

/s/ *Jeff Ostrow*_____
Jeff Ostrow (*pro hac vice*)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
E: ostrow@kolawyers.com

*Counsel for Plaintiff Andrews and the Putative Class*

John C. Herman (Bar No. 348370)
Candace N. Smith (Bar No. 654910)
**HERMAN JONES LLP**
3424 Peachtree Road NE
Suite 1650
Atlanta, Georgia 30326
Telephone: 404-504-6555
Email: jherman@hermanjones.com
Email: csmith@hermanjones.com

Courtney E. Maccarone**
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: cmaccarone@zlk.com

*Counsel for Plaintiff Xavier*

James M. Evangelista
(GA Bar No. 707807)
**EVANGELISTA WORLEY, LLC**
10 Glenlake Parkway
South Tower Suite 130
Atlanta, GA 30328
Tel: 404.205.8400
jim@ewlawllc.com

Ben Barnow (*pro hac vice*)
Anthony L. Parkhill*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: 312.621.2000
Fax: 312.641.5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

*Counsel for Plaintiff Wasserman*

10

Kristen Tullos Oliver
Georgia Bar No. 941093
J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Telephone: 770-227-6375
Facsimile: 770-227-6373
Email: ktullos@barneslawgroup.com
Email: ctribble@barneslawgroup.com

A. Brooke Murphy*
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
abm@murphylegalfirm.com

*Counsel for Plaintiff Bichoffe*

Ainsworth G. Dudley
Georgia Bar No. 231745
**DUDLEY LAW, LLC**
P.O. Box 53319
Atlanta, GA 30355
Phone: 404-687-8205
adudleylaw@gmail.com

Jarrett L. Ellzey*
Texas Bar No. 24040864
Leigh Montgomery*
**ELLZEY & ASSOCIATES, PLLC**
Texas Bar No. 24052214
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
Facsimile: (888) 276-3455
jarett@ellzeyaw.com

11

leigh@ellzeylaw.com

*Counsel for Plaintiff Henson*

Joseph B. Alonso
Georgia Bar No. 013627
Daniel H. Wirth
Georgia Bar No. 873443
**ALONSO WIRTH**
1708 Peachtree Street, Suite 303
Atlanta, GA 30309
(678) 928-4472
jalonso@alonsowirth.com

J. Gerard Stranch, IV*
Grayson Wells*
Miles Schiller*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mschiller@stranchlaw.com

*Counsel for Plaintiff Kelly*

Kristen Tullos Oliver
Georgia Bar No. 941093
J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Tel: 770-227-6375
Fax: 770-227-6373
ktullos@barneslawgroup.com
ctribble@barneslawgroup.com

Amber L. Schubert**
Daniel L.M. Pulgram**
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union St, Ste 200
San Francisco, CA 94123
Tel: 415-788-4220
Fax: 415-788-0161
aschubert@sjk.law
dpulgram@sjk.law

*Counsel for Plaintiff Mecocci*

Kristen Tullos Oliver
Georgia Bar No. 941093
J. Cameron Tribble
Georgia Bar No. 754759
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Telephone: 770-227-6375
Facsimile: 770-227-6373
Email: ktullos@barneslawgroup.com
Email: ctribble@barneslawgroup.com

William B. Federman*
Kennedy M. Brian*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: wbf@federmanlaw.com
Email: kpb@federmanlaw.com

*Counsel for Plaintiff Sweitzer*

Shireen Hormozdi Bowman
Georgia Bar No. 366987
**Hormozdi Law Firm, LLC**

13

1770 Indian Trail Lilburn Road, Suite 350
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
Shireen@norcrosslawfirm.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

*Counsel for Plaintiff Turner*

Shireen Hormozdi Bowman
Georgia Bar No. 366987
**Hormozdi Law Firm, LLC**
1770 Indian Trail Lilburn Road, Suite 350
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
Shireen@norcrosslawfirm.com

M. Anderson Berry*
Gregory Haroutunian*
**CLAYEO C. ARNOLD,
A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Aberry@justice4you.com
Gharoutunian@justice4you.com

*Counsel for Plaintiff Underwood*

Shireen Hormozdi Bowman
Georgia Bar No. 366987

**Hormozdi Law Firm, LLC**
1770 Indian Trail Lilburn Road, Suite 350
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
Shireen@norcrosslawfirm.com

Terence R. Coates*
Spencer D. Campbell*
**MARKOVITS STOCK & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, OH 45202
Phone (513)651-3700
Tcoates@msdlegal.com
Scampbell@msdlegal.com

*Counsel for Plaintiff Pottinger*

*pro hac vice application forthcoming
**admitted pro hac vice

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: September 26, 2024

               */s/ Jeff Ostrow*_____
               Jeff Ostrow

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to all counsel of record in this matter.

*/s/ Jeff Ostrow*_____
Jeff Ostrow