**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In Re: Young Consulting Data Breach Litigation | Case No.: 1:24-cv-03938-TWT |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Federal Rules of Civil Procedure 16 and 26 and Local Rule 16.2, the Parties submit this Joint Preliminary Report and Discovery Plan as follows:

**1.     Description of Case:**

*(a)     Describe briefly the nature of this action.*

***For Plaintiffs:***

Plaintiffs are victims of a hub-and-spoke data breach that occurred between April 10 and April 13, 2024 at Young Consulting, LLC, d/b/a Connexure ("Young Consulting") that impacted Young Consulting and certain of its clients, including California Physicians' Service, d/b/a Blue Shield of California ("Blue Shield") (collectively, "Defendants"). Plaintiffs seek to represent over one million victims whose personally identifiable information ("PII") and protected health information ("PHI") was entrusted to Young Consulting by Blue Shield and other data providers and that was accessed and exfiltrated from Young Consulting's systems by a ransomware group known as BlackSuit. Unlike many data breach cases where it remains uncertain about whether data was exfiltrated, Young Consulting confirmed

1

the ransomware group responsible for this data breach copied files from its systems and those files were later publicly leaked on the dark web by BlackSuit.

In the wake of Young Consulting's announcement of the Data Breach on August 26, 2024, numerous plaintiffs filed individual lawsuits against Young Consulting and Blue Shield. The Court consolidated these lawsuits into the above-captioned case and appointed Plaintiffs' Co-Lead Counsel, Plaintiffs' Steering Committee, and Liaison Counsel to act on behalf of the putative class in the consolidated case against Young Consulting and Blue Shield. Plaintiffs subsequently filed their Consolidated Amended Class Action Complaint on July 21, 2025. Plaintiffs, on behalf of themselves and over one million similarly situated victims, assert that Young Consulting and Blue Shield had a duty to protect Plaintiffs' PII and PHI, and that Defendants breached that duty by failing to protect Plaintiffs' data, leading to the Data Breach at issue in this case.

***For Defendants:***

This is a putative class action arising from a ransomware attack on a third-party service provider, Defendant Young Consulting LLC, which provides administrative and software services to stop-loss insurance carriers, including Defendant California Physicians' Service d/b/a Blue Shield of California. The attack, which occurred in April 2024, allegedly involved personal information maintained by Young on behalf of its clients.

Plaintiffs, current or former Blue Shield plan members through employer-sponsored plans, allege that their personal information was compromised in the incident and assert claims against Young and Blue Shield based on theories commonly pled in data breach litigation, including increased risk of future harm and related mitigation efforts. Defendants dispute Plaintiffs' allegations and theories of liability.

*(b) Summarize in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

### *For Plaintiffs:*

Defendants' Collection of Data, their Knowledge of the Risks, and Their Relevant Policies

Young Consulting is a Georgia-based company that claims to be "the market leader in providing software solutions to the employer stop loss marketplace."[1] As part of providing its software solutions for the marketing, underwriting, and administration of medical stop loss insurance, Young Consulting collects and processes sensitive data, such as insurance claims data, on behalf of its insurer clients, including Blue Shield.

Blue Shield is a national health insurance carrier and independent member of the Blue Cross Blue Shield Association. It provides coverage to approximately 4.5

---

[1] Young Consulting, https://youngconsulting.com/.

million individuals,[2] with a reported $27 billion in revenue for the 2024 fiscal year. Blue Shield expressly acknowledges its duty to protect the privacy of its members' medical information, representing that "we understand the importance of keeping your personal information private, and we take our obligation to do so very seriously" in its *Notice of Privacy Practices*.[3]  Blue Shield also maintains a *Code of Conduct* that expressly states: "*We recognize that privacy is a basic human right. That is why we respect the personal information we collect, handle it with care, and follow all laws designed to protect it.*"[4] Finally, Blue Shield maintains a *Supplier Code of Conduct*, which imposes clear and specific obligations on its vendors, including Young Consulting, regarding the handling of sensitive information. The *Supplier Code of Conduct* mandates that suppliers are responsible for "protecting the confidentiality, and maintaining the security, of all individually identifiable personal information and/or company confidential information" they collect, access, or use while acting on behalf of Blue Shield.[5]

---

[2] *About Blue Shield*, Blue Shield CA, https://www.blueshieldca.com/en/home/about-blue-shield.
[3] *Blue Shield Notice of Privacy Practices*, Blue Shield CA, https://www.blueshieldca.com/content/dam/bsca/en/member/docs/A52389XLB0125-REF2361452-Notice-of-Privacy-Practices.pdf.
[4] *Blue Shield Code of Conduct*, https://www.blueshieldca.com/content/dam/bsca/en/shared/documents/2024/BSCA-Code-of-Conduct-EXT-2024.pdf (cleaned up).
[5] *Blue Shield Supplier Code of Conduct*, https://www.blueshieldca.com/content/dam/bsca/en/member/docs/Supplier-Codeof-Conduct-Sept1-2019-APR-2023.pdf.

Plaintiffs and Class Members are current and former insureds of Blue Shield, as well as potentially other clients served by Young Consulting.  As a condition of receiving health insurance services, Plaintiffs were required to provide their PII and PHI to Blue Shield and others. In doing so, Plaintiffs reasonably expected that both Blue Shield and Young Consulting would take appropriate measures to protect their highly sensitive and confidential data.

The Data Breach

According to Young Consulting, on April 13, 2024, it identified technical issues within its computer network. Its disclosures and investigation reveal that between April 10 and April 13, 2024, threat actors associated with the BlackSuit ransomware group gained unauthorized access to Young Consulting's internal network, exfiltrated sensitive data, and subsequently published it on their public leak site. Young Consulting further confirmed that the PII and PHI of approximately 1,071,336 individuals was accessed and exfiltrated during the data breach. This information includes: names, Social Security numbers, dates of birth, and insurance claims information. Despite BlackSuit explicitly threatening to release the stolen information following the Data Breach, Defendants informed Plaintiffs and Class Members that they "are unaware of any actual misuse of your information at this time."

Since the data breach, several Plaintiffs have received alerts from dark web monitoring services indicating that their PII and PHI has been discovered on the dark web and specifically linked to the Young Consulting breach. These alerts were issued around the same time Young Consulting began notifying Plaintiffs and Class Members of the data breach, corroborating that the stolen information was already circulating online.

The Impacts Upon the Plaintiffs and Class Members

Defendants' notification letters to Plaintiffs and Class Members recommended that Plaintiffs take certain defensive actions like monitoring accounts and credit reports and to otherwise "remain vigilant." As a result of Defendants' failure to protect PII and PHI, Plaintiffs and Class Members have already suffered harm, have had their PII and PHI posted on the dark web, and have been exposed to a significant and continuing risk of identity theft, financial fraud, and other identity-related fraud for years to come. Plaintiffs have been and will continue to be forced to spend significant time and effort engaging in remedial efforts to protect their information from additional attacks, including by reviewing their credit profile and financial and other accounts indefinitely.

The FTC has recognized that once identity thieves have one's PII and PHI, they can drain bank accounts, commit credit card fraud, open new accounts, and even obtain medical treatment with the victims' health insurance. Further, every

instance that a person's data is stolen increases the likelihood that a victim's information will be exposed to more individuals who are seeking to misuse it. The GAO has recognized that fraudulent use of stolen information may persist for years. This is especially true where as here, the stolen information was leaked on the dark web and downloaded by an untold number of nefarious actors. The Data Breach has therefore caused Plaintiffs significant distress knowing their highly personal information has been compromised.

As the result of the injuries that can be traced to the Data Breach, Plaintiffs and Class Members have and will continue to suffer economic loss and other actual harm, including, but not limited to: the disclosure of confidential information to a third party; losing the inherent value of their PII and PHI; losing the value of access to their PII and PHI permitted by Young Consulting and Blue Shield; identity theft and fraud resulting from the theft of their PII and PHI; costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts; anxiety, emotional distress, and loss of privacy; the present value of ongoing credit monitoring and identity theft protection services; unauthorized charges and loss of use of and access to their accounts; lowered credit scores resulting from credit inquiries following fraudulent activities; costs associated with time spent and the loss of productivity or the enjoyment of one's life from taking time to address and attempt to mitigate and address the actual and future

consequences of the Data Breach; and the continued, imminent, and certainly impending injury flowing from potential fraud and identity theft posed by their PII and PHI being in the possession of one or many unauthorized third parties.

Young Consulting and Blue Shield are therefore liable to Plaintiffs and Class Members for restitution or disgorgement in the amount of the benefit conferred on Defendants as a result of their wrongful conduct, including specifically: the value to Young Consulting and Blue Shield of the PII and PHI that was stolen in the Data Breach; the profits Young Consulting and Blue Shield received and is receiving from the use of that information; the amounts that Young Consulting and Blue Shield should have spent to provide reasonable and adequate data security to protect Plaintiffs' and Class Members' PII and PHI; and the amount of money necessary to put Plaintiffs' and Class Members in the position they should have been in but for the breach.

### *For Defendants:*

At the outset, Defendants dispute Plaintiffs' description of the case, including their characterizations or allegations of facts or events. Subject to that caveat, Defendants respond as follows.

Defendant Young Consulting LLC is a Georgia-based company that provides software and administrative services to the employer stop-loss insurance market. In connection with those services, Young maintains computer systems that store certain

8

information on behalf of its insurer clients, including Defendant California Physicians' Service d/b/a Blue Shield of California. Blue Shield is a health insurance carrier that offers health insurance coverage to employer groups, including groups headquartered in or with employees located in California. Plaintiffs are current or former participants in employer-sponsored health plans associated with Blue Shield. In connection with participation in those plans, certain personal information relating to Plaintiffs was maintained by or on behalf of entities involved in administering plan-related services.

In April 2024, Young experienced a ransomware incident affecting its computer network. Young determined that unauthorized access to its systems occurred between April 10 and April 13, 2024. Young conducted an investigation into the incident and, following that investigation, provided notice to individuals whose information may have been involved, including individuals associated with Blue Shield plans.

According to the notifications, the information potentially affected varied by individual and may have included names, Social Security numbers, dates of birth, and insurance policy or claims-related information. The notifications also stated that there was no evidence, at the time of notice, of identity theft or fraud resulting from the incident.

Plaintiffs speculate and allege that their personal information was accessed or exfiltrated during the incident and that certain information was subsequently made available on the dark web. Plaintiffs further allege that some of them received alerts from third-party monitoring services indicating that their information appeared online following the incident. Defendants dispute Plaintiffs' allegations regarding the scope and nature of the incident, whether Plaintiffs' information was accessed, exfiltrated, or posted online, and whether any such information is attributable to Plaintiffs.

After receiving notice of the incident, Plaintiffs allege that they undertook various monitoring or protective measures, including reviewing financial or credit accounts, enrolling in credit monitoring services, or placing credit freezes. Plaintiffs allege that they experienced impacts including increased risk of future identity theft or fraud, loss of privacy, and emotional distress. Each Defendant disputes Plaintiffs' allegations regarding the existence, cause, and extent of any injury or harm, as well as either Defendant's alleged responsibility for Plaintiffs' claimed injuries.

Plaintiffs seek relief on behalf of themselves and a proposed class based on claims arising from the April 2024 incident. Defendants dispute Plaintiffs are entitled to any relief, in particular that any Plaintiff suffered a cognizable injury to support the recovery of damages.

*(c) The legal issues to be tried are as follows:*

*For Plaintiffs:*

The legal issues include, but are not necessarily limited to, the following:

(1)    Whether Defendants owed Plaintiffs and Class Members a duty to implement and maintain reasonable security procedures and practices to protect their PII and PHI;

(2)    Whether Defendants acted negligently in connection with the collection, storage, monitoring and/or protection of Plaintiffs' and Class Members' PII and PHI;

(3)    Whether the PII and PHI taken was sensitive, valuable, and of the kind criminals could use to conduct identity theft and other misconduct against Plaintiffs;

(4)    Whether a proposed class and/or subclass(es) should be certified pursuant to Fed. R. Civ. P. 23;

(5)    Whether Defendants' actions and inactions caused Plaintiffs' injury;

(6)    Whether Defendants' actions and inactions caused Plaintiffs' damages;

(7)    Whether Defendants' conduct amounted to negligence;

(8)    Whether Defendants' conduct amounted to negligence per se;

(9)    Whether Plaintiffs are entitled to declaratory or equitable relief;

(10)    Whether Defendants' conduct amounted to breach of implied contract;

(11)    Whether Defendants' conduct amounted to unjust enrichment;

(12)    Whether Defendants' conduct amounted to breach of fiduciary duty;

11

(13)    Whether Blue Shield's conduct amounted to an invasion of privacy;

(14)    Whether Defendants' conduct violated California consumer protection statutes;  and

(15)    Whether Blue Shield's conduct violated the California Confidentiality of Medical Information Act.

***For Defendants:***

The legal issues to be tried include the following, which are disputed by the parties:

1.  **Duties to Protect Personal Information**

    o   Plaintiffs contend that Defendants owed them duties under common law, contract, statute, and regulation to safeguard personally identifiable information ("PII") and protected health information ("PHI") maintained in connection with health insurance and related administrative services.

    o   Each Defendant disputes that it owed Plaintiffs the duties alleged, or that any such duties were breached.

2.  **Reasonableness of Data Security Measures**

    o   Plaintiffs contend that Defendants failed to implement reasonable administrative, technical, and physical safeguards to protect PII and

PHI, including safeguards referenced in HIPAA, FTC guidance, and other alleged industry standards.

o Each Defendant disputes that their data security practices were unreasonable, inconsistent with industry standards or violated any applicable legal or regulatory requirements.

3. **Liability Arising from the April 2024 Incident**

o Plaintiffs contend that Defendants' acts or omissions in connection with the April 2024 ransomware incident give rise to liability for negligence, breach of contract, breach of implied contract, breach of fiduciary duty, unjust enrichment, and violations of consumer protection and privacy statutes.

o Each Defendant disputes Plaintiffs' theories of liability and denies that Plaintiffs have stated valid claims for relief.

4. **Adequacy and Timeliness of Notice**

o Plaintiffs contend that Defendants failed to provide timely or adequate notice of the incident, resulting in additional harm.

o Each Defendant disputes that notice was untimely or inadequate or that any alleged deficiencies caused compensable harm.

5. **Injury, Causation, and Damages**

o   Plaintiffs contend that they suffered cognizable injuries, including economic loss, loss of privacy, emotional distress, and increased risk of identity theft or fraud, as a result of the incident.

o   Each Defendant disputes that Plaintiffs suffered any legally cognizable injury, that any injury was caused by either Defendant's conduct, or that Plaintiffs are entitled to damages or other relief.

## 6. Entitlement to Remedies

o   Plaintiffs contend that they and the proposed class are entitled to damages, restitution, disgorgement, injunctive relief, and other remedies.

o   Defendants dispute that Plaintiffs are entitled to any relief.

## 7. Class Certification

o   Plaintiffs contend that this action satisfies the requirements for class certification under Federal Rule of Civil Procedure 23.

o   Defendants dispute that the requirements of Rule 23 are met. Among other reasons, Plaintiffs' alleged injuries and their purported causation will require highly individualized inquiries that cannot be established with common class-wide evidence.

*(d) The cases listed below (include both style and action number) are:*

14

*(1) Pending Related Cases*: The Court consolidated the 18 related, pending cases, under the above caption "*In Re: Young Consulting Data Breach Litigation*."

*(2) Previously Adjudicated Related Cases*: Not applicable.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_X\_\_  (1) Unusually large number of parties
\_\_X\_\_  (2) Unusually large number of claims or defenses
\_\_X\_\_  (3) Factual issues are exceptionally complex
\_\_\_\_\_  (4) Greater than normal volume of evidence
\_\_X\_\_  (5) Extended discovery period is needed
\_\_\_\_\_  (6) Problems locating or preserving evidence
\_\_\_\_\_  (7) Pending parallel investigations or action by government
\_\_X\_\_  (8) Multiple use of experts
\_\_\_\_\_  (9) Need for discovery outside United States boundaries
\_\_X\_\_  (10) Existence of highly technical issues and proof
\_\_\_\_\_  (11) Unusually complex discovery of electronically stored information

**3.     Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

***For Plaintiffs:***

Plaintiffs' Co-Lead Counsel:

> J. Cameron Tribble
> Barnes Law Group, LLC
> 31 Atlanta Street
> Marietta, GA 30060
>
> J. Austin Moore
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200

Kansas City, Missouri 64112

Patrick D. Donathen
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222

***For Defendants:***

<u>For Young Consulting</u>

John H. Goselin II
Georgia Bar No. 302917
Pierson Ferdinand, LLP
3545 Broad Street, P.O. Box 80674
Atlanta, Georgia 30366

Rachel H. Rivers
Pierson Ferdinand LLP
2100 Geng Road, Suite 210
Palo Alto, California 94303
(*Pro Hac Vice Motion Forthcoming)*

<u>For Blue Shield</u>

Christopher A. Wiech
Chelsea Morgan Lamb
Savannah Avera
Baker & Hostetler LLP
1170 Peachtree Street, Ste 2400
Atlanta, GA 30309

Cornelia Brandfield-Harvey
999 3rd Ave, Suite 3900
Seattle, WA 98104

**4.   Jurisdiction:**

Is there any question regarding this Court's jurisdiction?
___X___ Yes      _____ No

*If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

Young Consulting moved to dismiss the operative Consolidated Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction under Article III. (Dkt. No. 46). More specifically, Young Consulting asserts that Plaintiffs lack Article III standing because they have not established an injury-in-fact that is fairly traceable to Defendants' conduct.

Plaintiffs dispute this assertion. Plaintiffs contend that as a result of Defendants' failure to safeguard Plaintiffs' PII and PHI, Plaintiffs' personal information has been disclosed on the dark web by cyber criminals, subjecting Plaintiffs to a certainly impending and material risk of identity theft and fraud. In response to this material risk of identity theft and fraud, all Plaintiffs have engaged in mitigation efforts to mitigate and/or reduce such risk to the extent possible, subjecting Plaintiffs to separate concrete harms. As such, Plaintiffs have each suffered an Article III injury-in-fact. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1263 (11th Cir. 2021); *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 749 F. Supp. 3d 1240, 1258–60 (S.D. Fla. 2024). Furthermore, Plaintiffs allege that their Article III injuries are the result of *each* Defendant's failure to safeguard their PII and PHI, establishing that Plaintiffs'

17

injuries are fairly traceable to Defendants' conduct. *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 749 F. Supp. 3d at 1261. Plaintiffs therefore have Article III standing to pursue their claims.

5.    **Parties to This Action:**

*(a) The following persons are necessary parties who have not been joined:*

**For Plaintiffs**: None known at this time.

**For Defendants**: None known at this time.

*(b) The following persons are improperly joined as parties:*

**For Plaintiffs**: None known at this time.

**For Defendants**: None known at this time.

*(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

**For Plaintiffs**: None known at this time.

**For Defendants**: None known at this time.

*(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

6.    **Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.*

*(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:*

**For Plaintiffs**: Plaintiffs do not anticipate any amendments at this time. Plaintiffs reserve the right to amend in accordance with the proposed schedule set forth below, applicable authority, including the Federal Rules of Civil Procedure, and/or any order of this Court upon a motion to dismiss.

**For Defendants**: Defendants have not yet filed an answer, as each Defendant has a motion to dismiss currently pending. Accordingly, Defendants do not presently anticipate seeking leave to amend their pleadings. Defendants reserve the right to amend their pleadings, including to assert affirmative defenses or otherwise respond to the operative complaint, following the Court's ruling on the motion to dismiss or as permitted by the Federal Rules of Civil Procedure and the Court's scheduling order.

*(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7.     Filing Times For Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

*(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

*(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.*

*(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

*(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

With the above in mind, the parties respectfully request that the Court enter the following schedule, with a portion of the schedule sourced from the Preliminary Scheduling Order dated December 10, 2025 (Dkt. No. 41):

| Event | Agreed Upon Dates |
| --- | --- |
| Filing of Consolidated Complaint | July 21, 2025 (Completed) |
| Answer / Motion to Dismiss to Consolidated Complaint | December 19, 2025 (Completed) |
| Rule 26(f) Conference | January 9, 2026 (Completed) |
| Opposition to Motion to Dismiss (if any) | January 27, 2026 (Completed) |
| Joint Preliminary Report and Discovery Plan | February 6, 2026 (Completed) |
| Parties to Exchange Initial Disclosures | February 13, 2026 |
| Reply in Support of Motion to Dismiss Consolidated Complaint | February 24, 2026 |
|  |  |
| Filing of Answer, if any, if Motion to Dismiss is denied in whole or in part | 30 days after Ruling on any Motion to Dismiss |
| Fact Discovery begins | 21 days after Answer |
| Substantial completion of document production | 6 months after the beginning of fact discovery |

20

| Fact Discovery ends | 10 months after the beginning of fact discovery |
| Disclosure of Plaintiffs' expert(s) and service of Expert Report(s) | 30 days after fact discovery closes |
| Disclosure of Defendants' expert(s) and service of Expert Report(s) | 60 days after disclosure of Plaintiffs' Expert(s) and Report(s) |
| Disclosure of Plaintiffs' rebuttal expert(s) and service of their reports | 45 days after disclosure of Defendants' Expert(s) and Report(s) |
| Expert Discovery ends | 30 days after disclosure of Plaintiffs' rebuttal Expert(s) and Report(s) |
| Local Rule 16.3 Settlement Conference | Within 14 days of completion of expert discovery |
| Motion to Certify Class, including supporting expert report(s) | 14 days after Rule 16.3 conference. |
| Response to Motion to Certify Class, including supporting expert report(s) | 45 days after Service of Plaintiff's Motion to Certify Class |
| Reply in support of Motion to Certify Class | 30 days after Defendant's Opposition Motion |
| Motion(s) for Summary Judgment | No later than 45 days after issuance of an order on Plaintiffs' Motion for Class Certification |
| Response(s) to Motion(s) for Summary Judgment | 45 days after filing of Motion(s) for Summary Judgment |
| Reply(ies) in Support of Motion(s) for Summary Judgment | 30 days after filing of Response(s) to Motion(s) for Summary Judgment |
| Pretrial Order | 60 days after issuance of order on dispositive motions |

## 8.    Initial Disclosures:

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).*

The parties will submit their Initial Disclosures according to the schedule provided herein. See above.

**9.     Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

The parties do not require a scheduling conference at this time. The parties will prepare agenda(s) identifying any issues for the Court's resolution at any status conferences to be held by the Court.

**10.    Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*
*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*
*Please state below the subjects on which discovery may be needed:*

Consistent with Rule 26, the parties anticipate that they will endeavor to seek discovery only as to any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

Plaintiffs intend to seek discovery from Defendants related to, among other things:

- The cause, nature, and extent of the Data Breach;

- The foreseeability of the breach;

- Defendant's cybersecurity protocols;

- Defendant's information systems infrastructure;

- Defendant's investigation into and response to the breach; and

- Defendant's valuation of the personal data of Plaintiffs and the putative Class members.

Consistent with Fed. R. Civ. P. 26(d)(2), the Plaintiffs intend to issue early Rule 34 requests. Although such early Rule 34 requests will not be deemed served until after formal discovery has commenced, and no formal objections and responses will be required of any party until such time as formal objections and responses are due, the parties will meet and confer to discuss the early Rule 34 requests and the potential scope of discovery, including the identity of document custodians, potential search methods, and any other issue bearing on discovery once commenced. The parties continue to meet and confer about deadlines for the above.

Subject to and without waiver of Defendants' pending motion to dismiss and all applicable objections, Defendants anticipate that discovery, if any, may concern the following subjects:

1.     The basis for Plaintiffs' standing to bring the asserted claims, including facts relating to alleged risk of future harm.

2.    Whether any Plaintiff's personal information was actually accessed, exfiltrated, misused, or otherwise compromised as a result of the incident.

3.    The identity, nature, and extent of any alleged injury or damages claimed by Plaintiffs, including alleged economic loss, mitigation costs, loss of privacy, or emotional distress.

4.    Causation, including whether any alleged injuries were caused by the incident at issue as opposed to other events, data incidents, or independent factors.

5.    Issues relevant to class certification, including class definition, commonality, typicality, adequacy, predominance, and damages models.

6.    Plaintiffs' alleged interactions, if any, with Blue Shield, including how Plaintiffs' information was provided, stored, or used in connection with employer-sponsored benefit plans.

7.    The contractual and operational relationships among Young Consulting, Blue Shield, employers, and any other relevant third parties, to the extent relevant to Plaintiffs' claims.

8.    The nature and scope of the April 2024 ransomware incident affecting Young Consulting's systems, including what information, if any, was accessed or affected.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery*

24

*should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The parties do not propose that discovery should be conducted in phases.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

The Parties will meet and confer regarding proposed changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule. Such proposed changes may be set forth in a proposed stipulated Discovery Order, that the Parties will submit for the Court's consideration, along with any areas of dispute requiring resolution.

*(b) Is any party seeking discovery of electronically stored information?*

___X___ Yes            _____ No

**If "Yes",**

*(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

See below regarding the entry of proposed discovery orders.

*(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

25

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

The Parties are in the process of meeting and conferring regarding an ESI Protocol. The Parties will submit a proposed ESI Protocol for the Court's consideration, along with any areas of dispute requiring resolution, in advance of the start of fact discovery. At this time, a scheduling conference regarding discovery of ESI is premature. The Parties previously submitted a Stipulated Protective Order (Dkt. No. 36).

**12.**   Other Orders:

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

The Parties do not anticipate any further orders at this time.

**13.**   Settlement Potential:

On November 11, 2025, the Parties participated in a mediation before Steven R. Jaffe of Upchurch Watson White & Max Mediation Group. The mediation was ultimately unsuccessful. (Dkt. No. 39).

*(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 9, 2026, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.*

***For Plaintiff***: Lead counsel (signature):

/s/ J. Cameron Tribble

/s/ J. Austin Moore

/s/ Patrick D. Donathen

Other participants: None.

**For Defendants**: Lead counsel (signature):

/s/ Christopher A. Wiech

/s/ John H. Goselin II

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__X___) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c) Counsel(_____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The parties have not agreed to engage in further settlement conferences at this time.

(d) The following specific problems have created a hindrance to settlement of this case:

**For Plaintiffs**: None known at this time.

**For Defendants**: None known at this time.

**14.    Trial by Magistrate Judge:**

*Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

As agreed by all Parties this 6th day of February, 2026.

| | |
|---|---|
| **Barnes Law Group, LLC** | /s/ John H. Goselin II |
| | John H. Goselin II |
| /s/ J. Cameron Tribble | Georgia Bar No. 302917 |
| J. Cameron Tribble | **PIERSON FERDINAND, LLP** |
| Georgia Bar No. 754759 | 3545 Broad Street, P.O. Box 80674 |
| 31 Atlanta Street | Atlanta, Georgia 30366 |
| Marietta, GA 30060 | Tel (678) 478-3570 |
| Telephone: (770) 227-6375 | john.goselin@pierferd.com |
| ctribble@barneslawgroup.com | |
| | Rachel H. Rivers |
| **Stueve Siegel Hanson LLP** | (*Pro Hac Vice Motion Forthcoming*) |
| | Pierson Ferdinand LLP |
| /s/ J. Austin Moore | 2100 Geng Road, Suite 210 |
| J. Austin Moore* | Palo Alto, California 94303 |
| 460 Nichols Road, Suite 200 | ***Attorneys for Defendant Young*** |
| Kansas City, Missouri 64112 | ***Consulting, LLC*** |
| Telephone: (816) 714-7100 | |
| siegel@stuevesiegel.com | /s/ Christopher A. Wiech |
| moore@stuevesiegel.com | Christopher A. Wiech |
| tanner@stuevesiegel.com | Ga Bar No. 757333 |
| *Pro Hac Vice Admitted* | Chelsea M. Lamb |
| | Ga Bar No. 524879 |
| **Lynch Carpenter, LLP** | Savannah Avera |

28

| | |
|---|---|
| /s/ Patrick D. Donathen<br>Patrick D. Donathen*<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, Pennsylvania 15222<br>patrick@lcllp.com<br>*Pro Hac Vice Admitted*<br><br>*Plaintiffs' Co-Lead Counsel*<br><br>**Attorneys for Plaintiffs and the Proposed Class** | Ga Bar No. 916513<br>**BAKER & HOSTETLER LLP**<br>1170 Peachtree Street NE, Suite 2400<br>Atlanta, GA 30309-7676<br>Telephone: (404) 946-9814<br>Facsimile: (404) 459-5734<br>cwiech@bakerlaw.com<br>clamb@bakerlaw.com<br>savera@bakerlaw.com<br><br>Cornelia Brandfield-Harvey<br>(*Pro Hac Vice Forthcoming*)<br>999 3rd Ave, Suite 3900<br>Seattle, WA 98104<br>Telephone: 206-332-1380<br>cbrandfieldharvey@bakerlaw.com<br><br>**Attorneys for Defendant California Physician's Service d/b/a Blue Shield of California** |

29

# **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
The Honorable Thomas W. Thrash, Jr.
UNITED STATES DISTRICT JUDGE

30

## CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman 14 point font.

*/s/ J. Cameron Tribble*
J. Cameron Tribble

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing document, to be served via the Court's CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

This 6th day of February, 2026.

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759
BARNES LAW GROUP, LLC
31 Atlanta Street
Marietta, GA 30060
Telephone: (770) 227-6375
ctribble@barneslawgroup.com

***Plaintiffs' Co-Lead Counsel***

31